# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MARKS,<br><br>                        Plaintiff,<br><br>v.<br><br>WILLIAMS, et al.,<br><br>                        Defendants. | Case No. 2:19-cv-01359-APG-EJY<br><br>**ORDER** |

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On October 8, 2019, Magistrate Judge Youchah issued an order directing plaintiff Richard Marks to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 by November 22, 2019. ECF No. 7. Marks has not filed that application, paid the full filing fee, or otherwise responded to Judge Youchah's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for these reasons, I must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) my need to manage my docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Youchah's order requiring Marks to file an application to proceed *in forma pauperis* or pay the full filing fee within 30 days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No. 7 at 2. Thus, Marks had adequate warning that dismissal would result from his noncompliance with the order.

I therefore order that this action is dismissed without prejudice based on plaintiff Richard Marks's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with Judge Youchah's October 8, 2019 order. This means that this case is dismissed without any ruling on the merits of Marks's claims and he may pursue his claims only by filing a complaint in a new case along with the filing fee or a complete application to proceed *in forma pauperis*, including the required financial certificate and account statements.

I further order the Clerk of Court to enter judgment accordingly and close this case.

Dated: December 2, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE