UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD MARKS,

          Plaintiff,

v.

WILLIAMS, *et al.*,

          Defendants.

Case No. 2:19-cv-01359-APG-EJY

**ORDER**

This action is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Richard Marks, who is in the custody of the Nevada Department of Corrections. On May 14, 2020, I dismissed the complaint with leave to amend the Eighth Amendment claim and directed Marks to file any amended complaint by June 17, 2020. ECF No. 13 at 11. That date has passed and Marks has not filed an amended complaint or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for those reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the need to manage the court docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that the failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order expressly stated that "if Marks fails to file a timely amended complaint curing the deficiencies in the Eighth Amendment claim as outlined in this order, this action shall be dismissed with prejudice for failure to state a claim." ECF No. 12 at 12. Thus, Marks had adequate warning that dismissal would result from his noncompliance.

I therefore order that Marks's application to proceed *in forma pauperis* (ECF No. 12) without having to prepay the full filing fee is granted. Marks is not required to pay an initial

installment fee. Nevertheless, the full filing fee shall still be due under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

Based on 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Marks's account (Richard Marks, #1208449) in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall SEND a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court shall also SEND a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

I further ordered that the full filing fee is due based on 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

I further order that this action is dismissed with prejudice based on Marks's failure to file an amended complaint in compliance with my May 14, 2020 order and for failure to state a claim.

I further order the Clerk of Court to enter judgment accordingly and close this file.

Dated: June 24, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE